CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ T. Costa
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:22-cr-00036 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| KELLY GIVENS | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Kelly Givens's motion for early termination of supervised release, filed through counsel, which seeks relief under 18 U.S.C. § 3582(e)(1) (Dkt. No. 62.) The United States has indicated that it does not oppose the request, and it has further advised that it notified the entity entitled to the restitution for the offense, who likewise does not object to the motion. (Dkt. No. 65.) The court finds that a hearing is not necessary to resolve Givens's motion, which the court will grant.[1]

I. BACKGROUND

Givens pled guilty to a single count of violating 18 U.S.C. § 647. The court sentenced her on June 18, 2024, to a 10-month custodial sentence followed by two years of supervised release. The court also imposed a $100 special assessment and restitution in the amount of $10,000. On August 8, 2024, Givens self-surrendered, and she served her prison term without incident.

Givens was released on March 14, 2025, and has now served more than half of her two-year term of supervised release. As stated in her motion and as her supervising United States Probation Officer has confirmed to the court, she has complied with all conditions of

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and indicated it does not objection. Fed. R. Crim. P. 32.1(c)(2).

supervision, has maintained consistent employment as a job coach for individuals who face significant barriers to employment, and she resides with her husband and her teenage son in a stable home environment.  Additionally, all of her financial obligations, including the full amount of restitution, have been paid in full.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, the court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.[2]  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  And in recent amendments to the sentencing guidelines, effective November 1, 2025, the U.S. Sentencing Commission emphasized that the court must conduct "an individualized assessment of the need for ongoing supervision" in considering a request for early termination.  U.S.S.G. § 5D1.4.

Givens's offense was for the theft of funds from FedStar Federal Credit Union, for which she served as CEO.  She used FedStar funds to pay for personal items totaling approximately $10,000.  While her offense was a betrayal of trust and a serious offense, the offense did not

---

[2]  Certain sentencing factors are not to be considered when determining whether to grant early termination of supervised release.  18 U.S.C. § 3583(e).  These include the factors set forth in § 3553(a)(2)(A) and (a)(3), *id.*, which are the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the kinds of sentences available.

involve any violence or firearms, and Givens was a first-time offender.  She appears to have successfully transitioned back into the community, is living a stable life, has been fully compliant with all terms of her release, and has paid her financial obligations in full.

The court finds that there is no longer a need to protect the public or to deter Giviens from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Givens's motion for early termination of her supervised release.

### III.  CONCLUSION

For the foregoing reasons, Givens's motion for early termination of supervised release (Dkt. No. 62) will be granted.  The court will issue an appropriate order.

Entered: March 31, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge

3